UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANKIE SEGARRA

v.  Case No: 8:11-cv-2596-T-24-MAP
    8:08-cr-195-T-24-MAP

UNITED STATES OF AMERICA
_____/

**ORDER**

This cause comes before the Court on Petitioner Frankie Segarra's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. Nos. 1, 2; CR Doc. Nos. 130, 131). Because review of the motion and the file in the case conclusively shows that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I.  Background**

On September 15, 2008, Petitioner pled guilty, pursuant to a plea agreement, to two charges: (1) Count Seven — possession with intent to distribute fifty (50) grams or more of crack cocaine, and (2) Count Eight — possession of a firearm in furtherance of a drug trafficking crime. (CR Doc. No. 73). On December 18, 2008, Petitioner was sentenced to 120 months on Count Seven and 60 months on Count Eight, to run consecutively, for a total of 180 months' imprisonment. (CR Doc. No. 101). Petitioner was also sentenced to 60 months of supervised release to follow the term of imprisonment. (CR Doc. No. 101).

Thereafter, Petitioner appealed to the Eleventh Circuit and raised the issue of "whether the plain language of 18 U.S.C. § 924(c) either prohibits or requires consecutive sentences where the defendant is convicted of both a drug and a firearm offense." (CR Doc. No. 127). On

September 15, 2009, the Eleventh Circuit dismissed Petitioner's appeal and held that consecutive sentences were appropriate. (CR Doc. No. 127).

Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on November 29, 2010. (CV Doc. No. 2). On November 17, 2011, Petitioner timely submitted the instant § 2255 motion. (CV Doc. No. 1).

## II.  Motion to Vacate Sentence

Petitioner raises two grounds in his § 2255 motion. In Ground One, Petitioner argues that 21 U.S.C. §§ 841 and 846; and 18 U.S.C. §§ 2 and 924 are unconstitutional, because they violate the Tenth Amendment to the United States Constitution by permitting federal prosecution of localized crimes. (CV Doc. No. 2). In Ground Two, Petitioner argues that his counsel was ineffective because he failed to object to the amount of drugs attributed to Petitioner, and because counsel failed to argue that a buyer-seller relationship between Petitioner (seller) and Willie Lloyd, his co-defendant (buyer), made the amount of drugs sold by Willie Lloyd to Detective Garfield not reasonably foreseeable to Petitioner. (CV Doc. No. 2).  As explained below, however, the Court rejects these arguments.

### A.  Ground One – Tenth Amendment Challenge

In Ground One, Petitioner argues that 21 U.S.C. §§ 841 and 846; and 18 U.S.C. §§ 2 and 924 violate the Tenth Amendment and the federal system by allowing federal prosecution of localized crimes. Because Petitioner did not raise this issue on direct appeal, it is procedurally defaulted. In any event, the Court also rejects the Petitioner's argument for lack of merit.

#### 1.  Procedural Default

Collateral review pursuant to 28 U.S.C. § 2255 is not a substitute for a direct appeal. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). The "threshold

inquiry" is whether Petitioner's grounds for relief are cognizable under § 2255. Id. at 1233. "[R]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Id. at 1232 (internal quotation marks and citations omitted).

Even if claims are technically cognizable in a § 2255 motion, a movant must raise all available challenges on direct appeal. See id. at 1234. Otherwise, those claims will be considered procedurally defaulted in a § 2255 proceeding. Id. "This rule generally applies to all claims, including constitutional claims." Id. A claim is "usually 'available' on direct appeal when its merits can be reviewed without further factual development." Id. at 1232 n.14.

Absent a showing that the claim was unavailable, a petitioner can avoid procedural bar by establishing one of two exceptions to the general procedural default rule. Id. at 1234. Under the first exception, the movant must establish "cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." Id. Under the second exception, the court may excuse the failure to show cause for a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 1234–35 (internal quotation marks and citation omitted).

Here, Petitioner has failed to explain why he did not raise his constitutional claims to this Court or on direct appeal, nor has he explained how he was prejudiced. Additionally, Petitioner pled guilty, and there is no evidence establishing that Petitioner is actually innocent of the charged crimes. Nevertheless, Petitioner's claims in Ground One can also be rejected on the merits.

### 2. 21 U.S.C. § 841 and § 846

The Commerce Clause permits Congress to regulate intrastate activity if that conduct has a substantial effect on interstate commerce. See Gonzalez v. Raich, 545 U.S. 1, 17 (2005) (noting "Congress' power to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on interstate commerce"). Both § 841 and § 846 were enacted as part of the Controlled Substances Act of 1970. Pub. L. No. 91-513, Title II, § 101 et seq., at §§ 401, 406; 21 U.S.C. § 801 et seq., at §§ 841, 846. In enacting the Controlled Substances Act, Congress specifically made findings and declarations concerning localized possession and distribution of controlled substances, including a finding that "[i]ncidents of the traffic which are not an integral part of the interstate or foreign flow, such as manufacture, local distribution, and possession, nonetheless have a substantial and direct effect upon interstate commerce . . . ." 21 U.S.C. § 801(3). As such, the Supreme Court has specifically upheld the constitutionality of the Controlled Substances Act, finding that Congress had a rational basis for concluding that intrastate or localized drug activities affect interstate commerce. See Gonzalez, 545 U.S. at 22 (addressing the local production of medicinal marijuana). Additionally, the Eleventh Circuit has rejected challenges to the individual constitutionality of both § 841 and § 846. See United States v. Wilson, 238 F. App'x 571, 572–73 (11th Cir. 2007) (rejecting a challenge to the constitutionality of § 841 and § 846). Accordingly, the Court finds that Petitioner is not entitled to any relief under Ground One of his § 2255 motion as it relates to his convictions under § 841 and § 846.

### 3. 18 U.S.C. § 924

The Eleventh Circuit has similarly held that Congress acted within its authority under the Commerce Clause when it enacted § 924(c). See United States v. Belfast, 611 F.3d 783, 815 (11th Cir. 2010) ("We have held repeatedly that § 924(c), on its face, is a constitutional exercise of Congress's power under the Commerce Clause."). In United States v. DePace, the Eleventh Circuit expressly agreed with both the Fourth and the Eight Circuits, which rejected the argument "that 18 U.S.C. § 924(c) is an unconstitutional effort to regulate intrastate, non-economic activity." 120 F.3d 233, 235 n.2 (11th Cir. 1997) (citing United States v. Brown, 72 F.3d 96, 96 (8th Cir. 1995) (per curiam); United States v. Leshuk, 65 F.3d 1105, 1111–12 (4th Cir. 1995)).

Section 924(c) imposes an additional imprisonment term for one who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). A "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act . . . ." Id. at § 924(c)(2). Because Congress may lawfully regulate drug trafficking under § 841 due to its effect on interstate commerce, and because Petitioner's conviction under § 924(c) is predicated upon his conviction of a drug trafficking crime, § 924(c) bears a sufficient nexus to interstate commerce to fall within Congress' authority under the Commerce Clause. See Brown, 72 F.3d at 97 ("Because [the defendant's] section 924(c)(1) conviction is based on his section 841(a)(1) drug trafficking offense, which involved 'an activity that substantially affect[ed] interstate commerce,' we reject [the defendant's] Lopez challenge."). Therefore, the Court concludes that Petitioner is not entitled to relief under Ground One of his § 2255 motion as it relates to his conviction under § 924(c).

### 4. 18 U.S.C. § 2

The Court also rejects Petitioner's argument that 18 U.S.C. § 2 violates the Tenth Amendment. Section 2 "does not make aiding and abetting a separate offense, but permits the government to charge an accomplice as a principal even though all of the elements of the substantive offense could not be proven against the accomplice." United States v. Sellers, 871 F.2d 1019, 1022 (11th Cir. 1989). The underlying offense in Count Seven is possession with intent to distribute fifty (50) grams or more of crack cocaine in violation of 21 U.S.C. § 841. (CR Doc. No. 73). If the federal government may criminalize purely local manufacture, possession, and distribution of drugs, it may also criminalize aiding and abetting those same acts without violating principles of federalism. Accordingly, the Court finds that Petitioner is not entitled to any relief under Ground One of his § 2255 motion.

### C. Ground Two – Ineffective Assistance of Counsel

In Ground Two, Petitioner argues that his counsel was ineffective for failing to object to the amount of drugs attributed to Petitioner. (CV Doc. No. 1). Because the government admitted at sentencing that Petitioner and Willie Lloyd, his co-defendant, were engaged in a buyer-seller relationship, Petitioner argues that he could not reasonably foresee the amount of drugs Lloyd sold to Detective Garfield, and therefore, those drug amounts should not have been attributed to him. (CV Doc. No. 1).

### 1. Standard of Review

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel:

> First, the movant must show that counsel's performance was deficient. . . . Second, the movant must show that counsel's

> deficient performance prejudiced the defense. To prove prejudice, the movant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's unprofessional errors.

Patel v. United States, 252 F. App'x 970, 972 (11th Cir. 2007) (per curiam) (citing Strickland, 466 U.S. at 687, 694).

### 2. Waiver of Right to Appeal or Collaterally Challenge Sentence

Petitioner pled guilty pursuant to a plea agreement. (CR. Doc. No. 73). In that plea agreement, Petitioner waived the right to appeal his sentence or to collaterally challenge his sentence on any ground except those specifically enumerated. (CR. Doc. No. 73). At his change of plea hearing, the Court questioned Petitioner as to whether he understood that he was waiving the right to appeal or collaterally challenge his sentence, including a waiver of the right to challenge his sentence on the grounds of ineffective assistance of counsel. (CR. Doc. No. 119). Petitioner indicated that he understood the waiver and that he was not threatened or promised any benefit in return for the waiver. (CR Doc. No. 119). Additionally, at his sentencing hearing, Petitioner was again reminded that he had waived his right to appeal or collaterally attack his sentence. (CR Doc. No. 106). Therefore, Petitioner has waived his right to challenge his sentence in this § 2255 motion. Petitioner's claims in Ground Two, however, can also be rejected on the merits.

### 3. Adequacy of Counsel's Performance

While Petitioner argues that his counsel failed to object to the amount of drugs that Petitioner could foresee, counsel did in fact make two such objections at Petitioner's sentencing hearing. (CR Doc. No. 106). Specifically, counsel objected to the two-level role increase under U.S.S.G. 3B1.1(c) based on the buyer-seller relationship between Petitioner and Lloyd. (CR

7

Doc. No. 106). Counsel also argued at the sentencing hearing that Petitioner should be held accountable only for the 3 ounces of crack cocaine found at 4820 River Vista Lane on April 4, 2008, not the drugs located at the Puritan Circle address nor the drugs sold by Lloyd on other dates. These arguments raised by counsel are essentially the same as those raised by Petitioner in his § 2255 motion. Therefore, Petitioner's counsel could not have been deficient for failing to object to the amount of drugs attributable to Petitioner when he did object.

### 4. Prejudice

Even if the Court had held Petitioner accountable for only the drugs found at 4820 River Vista Lane on April 4, 2008, and not those Lloyd sold to Detective Garfield, the sentence would have been the same. Therefore, Petitioner cannot demonstrate prejudice. Petitioner pled guilty to Count Seven of the indictment, which charged him with possession with the intent to distribute fifty (50) grams or more of crack cocaine. Count Seven was punishable by a mandatory minimum term of ten years' imprisonment. Petitioner possessed three ounces of crack cocaine (approximately eighty-five grams) when he was arrested on April 4, 2008, at 4820 River Vista Lane. Consequently, even if the Court had restricted Petitioner's relevant conduct to the crack found at 4820 River Vista Lane, and had not considered the drugs sold to Detective Garfield, Petitioner's sentence would have been the same because only the statutory minimum was imposed. Therefore, Petitioner cannot show that he was prejudiced by the Court holding Petitioner accountable for 228.45 grams of cocaine base rather than only 3 ounces of cocaine base.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DENIED**. The clerk is directed to enter judgment against Petitioner in the civil case and then to close that case.

<b>CERTIFICATE OF APPEALABILITY AND</b>

<b>LEAVE TO APPEAL IN FORMA PAUPERIS DENIED</b>

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a Certificate of Appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, his is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of February, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Pro se Petitioner
Counsel of Record

Case 8:11-cv-02596-SCB-MAP   Document 5   Filed 02/16/12   Page 10 of 10 PageID 37